UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00182-CJC(ANx)                    Date:  February 8, 2013

Title: <u>PRIMETTA A. DOMINSKI v. BANK OF AMERICA</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                              <u>    N/A    </u>
Deputy Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S PETITION FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF** [filed 2/5/13] **AND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction and Background**

      Pro se Plaintiff Primetta A. Dominski filed this action against Defendant Bank of America alleging claims related to the foreclosure of the property located at 264 Calle Cuervo, San Clemente, CA (the "Property").  (Dkt. No. 3 ["Compl."].)  Before the Court is Ms. Dominski's "Petition for Emergency Injunctive and Declaratory Relief and to Stay Foreclosure Sale" of the Property.  For the reasons provided below, her request is **DENIED**.

**Discussion**

      The Court interprets Ms. Dominski's petition to be essentially an application for a temporary restraining order ("TRO").  The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "A plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat'l Res. Def.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00182-CJC(ANx)                                        Date:  February 8, 2013
                                                                                                          Page 2

---

*Council, Inc.*, 55 U.S. 7, 20 (2008).  Like a preliminary injunction, a TRO is an extraordinary and drastic remedy that may only be awarded upon a clear showing that the moving party is entitled to relief.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

   As a preliminary matter, it is not clear that the Court has jurisdiction to hear this case.  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  A cause of action arises under federal law only when a federal question appears on the face of the plaintiff's well-pleaded complaint.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Here, it does not appear that Ms. Dominski raises any federal questions in her Complaint; her claims are based entirely on state law, specifically the California Commercial Code.  Ms. Dominski also fails to show that the Court has diversity jurisdiction.  She does not state the citizenship of Bank of America, nor does she provide any monetary figure by which the Court might determine the amount in controversy for this case.

   Regardless of the jurisdictional issues, there are other problems with Ms. Dominski's application that prevent the Court from issuing a TRO.  Ms. Dominski, for instance, asks that the Court stay the foreclosure sale of the Property.  However, based on an unlawful detainer complaint brought against Ms. Dominski in state court, it appears that the Property was sold in a foreclosure sale sometime in 2012.  (*See* Dkt. No. 5 [Unlawful Detainer Compl.].)  Accordingly, a TRO is no longer an appropriate method for Ms. Dominski to seek a stay of the foreclosure sale, and she will not suffer irreparable harm if the TRO is not granted.

   Further, Ms. Dominski has not made a clear showing that she is entitled to the extraordinary remedies she seeks because her application falls short of demonstrating a likelihood of success on the merits.  Ms. Dominski's Complaint is premised on the allegation that Bank of America failed to "produce the original note or evidence of a valid assignment" prior to foreclosing on the Property.  (Compl. at 5–6.)  This argument has been repeatedly rejected by courts.  *See Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal. App. 4th 433, 440 (2012) ("[M]any federal courts have rejected this position, applying California law. All have noted that the procedures to be followed in a nonjudicial foreclosure are governed by sections 2924 through 2924k, which do not require that the note be in the possession of the party initiating the foreclosure."); *see also*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00182-CJC(ANx)                                        Date: February 8, 2013
                                                                                                      Page 3

---

*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) ("[N]owhere does the [nonjudicial foreclosure] statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action.").

**Conclusion**

For the foregoing reasons, Ms. Dominski's petition for emergency injunctive and declaratory relief is **DENIED**. In light of the apparent jurisdictional problems, the Court **ORDERS** Ms. Dominski to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Ms. Dominski shall file an opposition to the Court's order to show cause by February 15, 2013. Bank of America shall have until February 22, 2013 to file a response. This matter will be decided on the papers without any hearing.

mtg

MINUTES FORM 11
CIVIL-GEN                                                                             Initials of Deputy Clerk MU